UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUZANNE K. SALENTINE,

        Plaintiff,

v.                                                    Case No. 18-C-950

SUPPLE RESTAURANT GROUP,

        Defendant.

## SCREENING ORDER

Plaintiff Suzanne K. Salentine, who is currently representing herself, filed a complaint against Defendant Supple Restaurant Group on June 22, 2018. The court screened the complaint on June 27, 2018. The Court allowed Salentine to proceed on Title VII claims against Supple Restaurant Group but dismissed her retaliation claim without prejudice. Salentine has since filed an amended complaint and a second motion for leave to proceed without prepayment of the filing fee. Because the court has already granted Salentine leave to proceed without prepaying the filing fee, her motion will be denied as moot. The court will now screen Salentine's amended complaint.

### SCREENING OF THE COMPLAINT

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle her to

relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statements need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

### ALLEGATIONS OF THE COMPLAINT

Salentine alleges that while working for Supple Restaurant Group, Eric Reese, a manager, physically and forcefully used his chest to push her between the juice machine and hand sink, grinded on her leg, and forced her to hug him before allowing her to pass. She reported his conduct to the general manager and owner the following day but management would not do anything to help her

2

for weeks. Salentine claims she took a leave of absence due to the harassment and had to change her hours to avoid working with Reese. When she returned, her hours were greatly reduced. She alleges that Supple Restaurant Group hired a new general manager to fire her and her fiancé, Terrance Fletcher, who also worked for the company, because of a pending lawsuit Salentine and Fletcher filed.

## THE COURT'S ANALYSIS

Salentine asserts claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, against her former employer, Supple Restaurant Group. Title VII prohibits an employer from discriminating against an employee on the basis of the employee's race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). To state a claim of employment discrimination, a plaintiff must allege that (1) she was subjected to unwelcome harassment; (2) the harassment was based on her membership in a protected class; (3) the harassment was severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017) (quoting *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 833–34 (7th Cir. 2015)). Salentine alleges that Reese sexually harassed her when he used his chest to force her into a juice machine, grinded on her leg, and forced her to hug him before allowing her to pass. At this stage in the case, the court concludes that Salentine has stated an employment discrimination claim and may proceed on this claim against Supple Restaurant Group.

To sufficiently plead a retaliation claim, a plaintiff must allege that she "'engaged in statutorily protected activity' and suffered an adverse action 'as a result of that activity.'" *Id.* at 555 (footnote omitted) (quoting *Huri*, 804 F.3d at 833). Salentine alleges that she complained to

3

management about Reese's conduct on multiple occasions. Supple Restaurant Group ultimately fired her based on her pending lawsuit. Again, at this stage in the proceedings, Salentine's allegations are sufficient to state a retaliation claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Salentine's motion to proceed without prepaying the filing fee (ECF No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this Order upon Defendant Supple Restaurant Group pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshal Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made ay provisions for these fees to be waived either by the Court or the U.S. Marshals Service.

Dated this   24th   day of July, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court