UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUZANNE K. SALENTINE and
TERRANCE T. FLETCHER, JR.,

        Plaintiffs,

v.                                              Case Nos. 18-C-950, 18-C-951

SUPPLE RESTAURANT GROUP,

        Defendant.

## DECISION AND ORDER

Plaintiffs Suzanne K. Salentine and Terrance T. Fletcher, Jr., who are currently representing themselves, initiated separate lawsuits against their former employer, Defendant Supple Restaurant Group, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* The court consolidated the cases on October 12, 2018. On February 12, 2019, Defendant filed a motion to deem requests to admit admitted and for summary judgment. Plaintiffs did not respond to the motion or attempt to communicate with the court in any way. On March 29, 2019, the court granted Defendant's motion and dismissed the case. Judgment was entered the same day.

On April 2, 2019, the court received a letter from Fletcher indicating that he received an extension of time to respond to Defendant's discovery requests. Fletcher also filed with the court Plaintiffs' responses to Defendant's discovery requests, including responses to the requests to admit. Defendant's counsel filed a letter with the court on April 9, 2019, stating that, although Defendant gave Plaintiffs an extension of time to respond to Defendant's interrogatories and requests for production of documents, it did not extend Plaintiffs' time to respond to Defendant's requests to admit. The court held a telephone conference with the parties on April 17, 2019, to discuss the

parties' post-judgment filings and noted that it would construe Fletcher's letter as a motion for reconsideration. For the following reasons, the motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation. It should only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiffs have not offered any factual or legal argument that convinces the court that its March 29, 2019 decision was in error. Plaintiffs offer no explanation for their failure to timely respond to Defendant's requests to admit or their complete failure to respond to Defendant's motion. Plaintiffs received proper notice detailing how and when to respond to Defendant's motion for summary judgment and supporting materials in compliance with this court's local rules. The local rules further provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. Civil L.R. 7(d) (E.D. Wis.). As the court noted in its decision granting Defendant's motion, Plaintiffs' *pro se* status neither affords them the right to ignore rules and procedural requirements nor excuses their failure to respond to either the requests to admit or the Defendant's motion. Dkt. No. 37 at 2 (citing *Nelson v. Wal-Mart, Inc.*, 63 F. App'x 920, 922–23 (7th Cir. 2003); *In re Greene*, 310 F. App'x 17 (7th Cir. 2009)); *see also Kirksey v. R.J. Reynolds*

*Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response."). It is also unfair to small businesses to force it to incur additional costs of defending themselves caused by *pro se* plaintiffs' failure to comply with the procedural rules governing litigation. The docket in this case reflects continued efforts by both counsel for the defendant and the court to ensure that Plaintiffs understood their obligations. To reopen the case at this point and to add further expense to the defense would be inconsistent with the fundamental purpose of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For these reasons, the court is not persuaded that it was error to grant Defendant's motion and dismiss the case once Plaintiffs' deadline to submit a brief in opposition to the motion had passed without the filing of the requisite brief.

In addition, Plaintiffs have not demonstrated that the court erred in finding that Defendant is entitled to judgment as a matter of law based on the requests to admit. Indeed, Plaintiffs' responses to Defendant's discovery requests, which Plaintiffs filed with the court on April 2, 2019, reveal that Plaintiffs admitted that Defendant did not take any adverse actions against Fletcher in response to his complaints about sexual harassment of Salentine; any harassment of Salentine while employed by Defendant was not severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive working environment; and Defendant did not take any adverse actions against Salentine in response to her complaints about sexual harassment. Dkt. No. 40 at 20. Based on these admissions, and those deemed admitted due to Plaintiffs' failure to respond to them, Plaintiffs cannot establish that Defendant retaliated against them or discriminated against Salentine.

3

Plaintiffs failed to present either newly discovered evidence or establish a manifest error of law or fact. Therefore, Fletcher's letter (Dkt. No. 39), which the court construes as a motion for reconsideration of the dismissal of this action, is **DENIED**.

**SO ORDERED** this  18th  day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court